Thank you, Your Honor. My name is David Ness. I represent the petitioner, in this case, Larry Dauenhauer. The certified issue in this case actually gives rise to two sub-issues. The first of those sub-issues is whether Mr. Dauenhauer presented what could be called a true Rule 60B motion rather than a disguised second or successive 2255 motion. The second sub-issue is whether, assuming Mr. Dauenhauer did present a true Rule 60B issue, whether or not he is entitled to relief under Rule 60B-6. With regard to the first sub-issue, our contention, of course, is that his motion was, in fact, a true Rule 60B motion because he did not attack any ruling on the merits. What happened in this case is that he had his juror bias claim. Something happened. It wasn't included in the second amended petition that was filed by his counsel, and the court deemed that to be withdrawn. He then filed his Rule 60B motion trying to revive that particular issue, but there was never any ruling on the merits. Under the Supreme Court's decision in Gonzales v. Crosby, a Rule 60 motion is a true Rule 60 motion if it challenges a procedural ruling by the court, such as statute of limitations or procedural bar or exhaustion or something of that nature, or whether it attacks a defect that goes to the integrity of the proceedings. In this case, the court's ruling that Mr. Donhower's juror bias claim had been withdrawn was, in fact, a procedural ruling. She did not make any ruling on the merits on that particular claim. In that regard, Mr. Donhower's case, I think, is pretty much on all fours with the Tenth Circuit case I cited in my brief, Spitmas v. Boone. In that case, Mr. Spitmas was attacking the court's determination that he was competent to proceed to trial, and in his 2255 motion, he raised a claim under United States Supreme Court case Cooper. If we agree with you that this is a true 60B6 motion, what do we do? Well, I think in that case, I think what we have to do is we have to remand this case so that we can determine, that goes to the second issue, and so we can determine whether or not this juror bias claim was left out of the case. Don't you still have to rule on whether or not the 60B motion itself is meritorious?  So first, you have to decide whether or not this is a true 60B, it's not just a different way of alleging a successive habeas petition. Correct. And you claim, and you argue that it's a true 60B because it's getting at what happened in the habeas proceedings. Okay, so it's not, so you may not be barred, so the petition, so this motion could be treated as a 60B6, and the question is then, I realize the district court didn't reach that, but do we send it back to the district court until the district court decide whether or not there are extraordinary circumstances here that warrant granting 60B6 relief and reinstating the habeas petition? I think we do. I think quite, there's a Ninth Circuit case, I can't remember the name of it, but at the end, the opinion on an issue that was like an ineffective assistance council issue said, essentially, look, the easiest way to resolve this case is to send it back and ask council, ask council what happened here. Why did you not include this juror bias claim in the second amended petition? But council, I have a question about that. I thought that there was information already in the record about that. There was an evidentiary hearing in connection, I think, with the second amended petition. I may be getting things mixed up in terms of when, but I thought the attorney said that he'd investigated the claim and didn't find sufficient evidence of bias to pursue it. And if I'm misremembering, please correct me, but if I am remembering correctly, how does that count as attorney abandonment as distinct from ordinary negligence? Well, admittedly, I'm walking a thin line here, but I think he abandoned Mr. Donhower, or at least I think that there's evidence that needs to be explored that he abandoned Mr. Donhower with respect to this particular issue. His wording, and I'm paraphrasing it, but I think I'm a little closer to it with all due respect than you were, Justice Gravers. Council told the court that this juror bias claim was still hanging out there. He said that there was evidence in the record to support that, and that he did not want to withdraw it. His words were, I'm not comfortable withdrawing it at all. So he somehow believed that that issue was still hanging out there, even though he did not include it in the second amended petition that he filed. I think you can go back, if you look at the procedural history of this case, there was a lot of confusion, I think, on both parties' sides. After counsel was appointed, the judge told him to file a second amended petition, and what he filed wasn't even a second amended petition, and the court kind of chastised both sides in a way, because the government didn't really file a valid response either. So I think there was confusion on his part that led him to actually abandon this particular claim. And this particular claim, assuming that it could be established, as I cited in my brief to this court's decision in Dyer v. Calderon, if he could establish that this one particular juror was, in fact, biased, then I think Mr. Donauer would be entitled to a new trial. So what is the standard in terms of 60 v. 6 and attorney negligence? Is it enough to show that a single claim was abandoned, or does it have to be abandonment of the client? In other words, this lawyer did make other arguments and didn't ignore the client, for example, or fail to show up or something like that. So what's your legal position? Is it sufficient to show abandonment of a single claim? I think it can be, certainly. I think the standard is gross negligence. It's more than mere ineffective assistance to counsel, as we think about it. It has to be in the line of some sort of gross negligence. But if an attorney, through gross negligence, fails to present what would be a viable claim, then I believe that we have, in fact, surmounted that hurdle. And we should be allowed to at least go back and explore whether or not he's entitled to any sort of relief under subsection v. 6. Did you wish to save some rebuttals of time, sir? Yes, I will. I will save the rest of my time for rebuttal. Thank you, Judge. Thank you. May it please the court. Tim Tatarka of the District of Montana on behalf of the United States. The district court denied Mr. Dauenhauer's Rule 60b motion on two grounds. First, it found that it should be properly recharacterized as a 2255, a new claim, and therefore had to meet the requirements of 2255H. But the court also did analyze it on the merits of a Rule 60b motion and found that it didn't meet the merits there either. Either ground is sufficient for this court to affirm. And I'd note, especially with respect to that second point, the standard of review here is abuse of discretion. But I'll go to the recharacterization issue first. What happened in the... Excuse me. May I ask you something before you move on? Sure. In denying on the merits, it's my recollection. And again, I'm not looking at it. I'm doing this from memory. So correct me if I'm wrong. But it seems to me that the court just simply summarily said, you know, some things were untimely, other things didn't meet another subsection, and B6 just can't be used anytime you can't get relief somewhere else. I don't recall that the court ever came to grips with the specifics of this claim as to whether there was gross negligence that amounted to an abandonment of a meritorious issue. Am I right about that? Well, you're right that the court didn't address that issue. But that's because that issue was never raised. So this is excerpts of the record page 17. Most of this does happen in a footnote. And as you say, it's concise. But the court does address every issue that was raised. The claims under 60B1, 60B3, 60B4, and then what was raised. But if the court didn't reach this, how can we say, and we think it should have, how can it not be an abuse of discretion? If this is a potentially meritorious issue, whether or not it's meritorious, if it should have been reached and it wasn't. Well, what this court would have to find is that the court abused its discretion by not recharacterizing what was a 60B1 claim, that that's the closest to what was actually raised in Mr. Dallin-Howard's 60B motion. He claims mistake or inadvertence. That's an excerpt to the record, page 638. And this court would have to say that the district court abused its discretion by not recharacterizing that claim as a 60B6 claim for attorney abandonment. And that's a very high standard. And I would note that it's much different. This court found, for purposes of the certificate of appealability, that reasonable jurors could disagree about whether or not the court needed to analyze this as a 60B6 motion. But that's a much different standard than this court, sort of at the opposite end of the spectrum, finding that the district court abused its discretion by not recharacterizing it as a 60B6 motion. Yeah, he filed that motion pro se. So, you know, under our case law, we were supposed to read his motion generously. He did. And, you know, he's complaining that in filing the second amended petition, didn't assert this juror bias claim. And you can't characterize that as attorney negligence or attorney abandonment. Well, but I think there is, there has to be something more than merely the omission of a claim. Because clearly, the Supreme Court, in the Gonzalez case, notes that an omission by counsel, you know, of a claim by counsel, falls right in the heartland of raising a new claim for a 2255 motion. The Gonzalez case, particularly footnote five, expressly says that. So to get to attorney abandonment requires something more than a mere omission. And that is all that is alleged here. And so the court properly considered that as a 60B1, as mistake or advertence under 60B1. Even when you get to 60B6, it's a pretty, if you had a true 60B6, it's still a pretty high standard. Because you have to show extraordinary circumstances. And it's not easy to meet 60B6. Absolutely. If a 60B6 claim was raised before the district court, I don't think there's any question that it would not be meritorious here. Because it does have to, it is an extraordinarily high standard. And what the standard requires is that the counsel deprived the movement of his voice entirely. The counsel took on the case and deprived counsel of his best efforts as an attorney. And deprived him of the ability to go make his arguments pro se. And here, there's nothing like that. The counsel zealously pursued both the Brady-Giglio claim and the plea bargain claim. And I would, to go back to Judge Graber's question, at excerpts of the record, page 62 is the place in the transcript where there was the colloquy between the counsel and the court about the claim. And what counsel said is that there was a question about whether or not the juror bias claim was pending at all. But what counsel said is, I investigated that claim somewhat. And I have nothing to add to the record. So there is evidence in the record to support his investigation there. And I would note that there's probably good reason why counsel didn't go further on that point. Because obviously, what was pending before the court was the plea bargain claim at which his client's credibility was at issue. And if the investigation that the attorney did, including likely discussing it with trial counsel, raised questions about Mr. Dauenhauer's credibility, there's a good reason for him not to explain in more detail what his investigation was. So even if we go to 60B6, we just don't have the kind of abandonment, the complete deprivation of the ability to come before the court that you would have to see to reach that high standard. And again, I think it is important that this was raised as a 60B1 claim because really, that is the argument here. There is no argument. It's a real stretch to go to abandonment. The more reasonable argument would be there was mistake and inadvertence, the excusable neglect that prevented counsel from raising this claim, which was why counsel didn't raise this claim. And that is right in the heartland of what Gonzalez says is a new claim, or as this court says in Williams, a second chance to have a review of a claim. And I would draw an important distinction with the Spitness case that counsel mentioned. Unlike this case, that case, the Spitness case makes clear that was a continuously asserted claim that the district court failed to make a ruling on. The district court just never ruled on part of counsel's original 2255 claim. And the court said, that is appropriately raised as a 60B1. But earlier, the district court said at the hearing on the Avis petition that he thought he had ruled on it. But that was at the petition. But if you'll go to excerpts of the record, page 72, the court corrected the record and properly ruled that that was withdrawn. And the propriety of that ruling isn't challenged. It wasn't challenged on appeal, and it isn't challenged here today. The district court correctly ruled that that needed to be in the second amended position. That's at excerpts of the record, page 92, where the court laid that out. All remaining claims must be included in the second amended petition. And it wasn't, unless the court has any further questions. Thank you, counsel. Mr. Ness, you have some rebuttal time remaining. Thank you, your honor. Um, just a couple of points. That footnote 5 from the Gonzalez decision that Mr. Tatarkas relied on, both in his brief and in his argument here, I think it's interesting to read it in that the court says that an omission ordinarily does not go to the integrity of the proceedings. So I think you have to read in that ordinarily language in there. And, um, just to reiterate, I, I, I, I, I believe that, yes, in fact, an attorney can abandon a client on a particular issue. And I think that happened here. And I don't think that at this stage of the proceedings before this court, which isn't a fact-finding court, that we can simply presume that counsel had a good reason for doing that. Particularly when he said, I think that issue is still out there, judge. And essentially following that up with, with, and again, I'm paraphrasing, but essentially saying, however, I'm resting on what I've already presented to the court with respect to that particular issue. So I, I think, um, one way or another, there was some sort of gross negligence. This thing was not, um, included within the second amendment petition. And I would ask this court to reverse and remand so that we can simply ask counsel, why didn't you include this and, um, try to get a ruling on, under rule 60B6 on Mr. Donhower's claim, whether or not he can further proceed with that. Thank you, counsel. Thank you. The case just started is submitted. And once again, we're appreciative of your helpful arguments on both sides.
judges: McKeown, Graber, Paez